951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clyde E. DAVIS, Plaintiff-Appellant,
v.
CITY OF ELK CITY, a political subdivision of the State of
Oklahoma; A.T. Jones, individually and in his official
capacity as City Manager of the City of Elk City, Oklahoma;
Randy Smith, individually and in his official capacity as
Chief of Police for the City of Elk City, Oklahoma; Daniel
Fife, individually, Defendants-Appellees.
 No. 90-6381.
 United States Court of Appeals, Tenth Circuit.
 Jan. 7, 1992.
 
 Before JOAN P. MOORE, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Plaintiff Clyde E. Davis, formerly a police officer with the Elk City Police Department ("Department"), appeals from the grant of summary judgment in favor of defendants and the denial of his motion for a new trial in his 42 U.S.C. § 1983 action based upon his termination from the Department. We affirm.
 
 BACKGROUND
 
 2
 Plaintiff Davis was a lieutenant with the Department at the time of his discharge on July 28, 1989. Defendant Randy Smith was the Chief of Police and defendant A.T. Jones was the City Manager at that time.
 
 
 3
 Davis was discharged for seven instances of misconduct, six of which related to Davis' conduct in attempting to air concerns he had about pay scales, a new drug investigation unit and other Department matters, and in response to an incident in which a person arrested for driving while intoxicated was not charged. Davis believed that this latter incident involved misconduct on the part of City Manager Jones and Police Chief Smith. He also aired concerns about an alleged conflict of interest in the way in which the City purchased certain items.
 
 
 4
 He began to express these concerns to a concerned citizens' group. He also was interviewed by a local television station and he wrote an "open letter" to the citizens of Elk City, in which he called for a grand jury investigation of the incident involving the release of the person arrested for driving while intoxicated, and in which he noted that "I know that by voicing my views ... I ... have separated the Administration of the Police Department from the officers." Appellee's Supplemental Appendix at 000145. These matters were the subject of many conversations, some heated, between Davis and others in the Department. On several occasions, Davis' immediate supervisor, Captain Don Fife, told Davis that he ought to bring his concerns first to Chief Smith, but Davis did not do so.
 
 
 5
 On July 18, 1989, Davis did in fact talk to Chief Smith about these matters and was told by Smith that he (Davis) was causing disruption in the Department. Later that day, Chief Smith posted a memo to all Department personnel stating as follows:
 
 
 6
 There has been a lot of controversy between members of the city government and some members of the community of Elk City. No member of this department will attempt to creat [sic], originate, excite, cause or join any mutinous, rebellious or reactionary movement.
 
 
 7
 Plaintiff's Ex. 9, Appendix at 000069. Department employees were instructed to sign the memo. Davis refused to sign it, stating it violated his "right to speak."
 
 
 8
 Davis' July 28 termination was for "going around the chain of command," violating police department policy and procedures, "[a] direct act of insubordination," creating or attempting to create "a mutinous and rebellious action within the organization", and causing "disruption with personnel within the organization, by confronting personnel to the degree of harsh language, causing personnel to want to take off to get away from the situation, interfering with the normal operation of the agency." Appellee's Supplemental Appendix at 000084 to 000114.
 
 
 9
 Davis sued the City, Captain Smith and City Manager Jones under section 1983, claiming that his termination violated his rights to freedom of speech and of association, and that the Department maintained "an unconstitutional, overly broad rule which prohibits protected speech and association." He also asserted a violation of the federal wiretap law and a pendent state law claim, neither of which are pursued on appeal.
 
 
 10
 After considerable discovery, including many depositions, both sides filed motions for summary judgment.[1] The district court granted defendants' motion, holding as a matter of law that, while Davis' speech was on a matter of public concern, "the defendants' interest in maintaining the stability, efficiency and integrity of the Elk City Police Department outweighs plaintiff's interest in speaking as he did." District Court Order at 8. See Rankin v. McPherson, 483 U.S. 378 (1987); Connick v. Meyers, 461 U.S. 138 (1983); Wulf v. City of Wichita, 883 F.2d 842 (10th Cir.1989); Melton v. City of Oklahoma City, 879 F.2d 706 (10th Cir.1989), rehg on other grounds, 928 F.2d 920 (10th Cir.), cert. denied, 112 S.Ct. 296 (1991). It denied subsequent motions for reconsideration and for a new trial. We affirm.
 
 DISCUSSION
 
 11
 In reviewing the grant of summary judgment, this court employs the same standard as does the district court. Miles v. Denver Public Schools, 944 F.2d 773, 775 (10th Cir.1991); Applied Genetics Int'l., Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990); Barnson v. United States, 816 F.2d 549, 552 (10th Cir.), cert. denied, 484 U.S. 896 (1987); Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record, however, "in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Investments, Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 12
 In this case, Davis' claim that he was terminated from employment in violation of his right to free speech involves, as the district court noted, a multi-step process. See Rankin, 483 U.S. at 378 (1987); Connick, 461 U.S. at 146; Wulf, 883 F.2d at 856-57; Melton, 879 F.2d at 713. The "threshold question" is whether the particular speech is on a matter of public concern. Rankin, 483 U.S. at 384; Connick, 461 U.S. at 146; Hicks v. City of Watanga, 942 F.2d 737, 744 (10th Cir.1991); Wulf, 883 F.2d at 856; Koch v. City of Hutchinson, 847 F.2d 1436, 1440 (10th Cir.) (en banc), cert. denied, 488 U.S. 909 (1988). Defendants concede that Davis' speech touched on matters of public concern. We therefore do not address that issue in this appeal.
 
 
 13
 The next question is whether, applying the balancing test set forth in Pickering v. Board of Educ., 391 U.S. 563, 568 (1968), Davis' interest in speaking as he did outweighed defendants' interest in "promoting the efficiency of the public services it performs through its employees." Rankin, 483 U.S. at 384 (quoting Pickering v. Board of Educ., 391 U.S. 563, 568 (1968)); see also Flanagan v. Munger, 890 F.2d 1557 (10th Cir.1989). In conducting this balancing, "the manner, time, and place of the employee's expression are relevant, as is the context in which the dispute arose." Rankin, 483 F.2d at 388 (citing Connick, 461 U.S. at 152-53). Additionally, we "bear in mind the heightened interest of a police department in maintaining discipline and harmony among employees." Wulf, 883 F.2d at 861; see also Breuer v. Hart, 909 F.2d 1035, 1041 (7th Cir.1990). This is a question of law, reviewable de novo by this court. Rankin, 483 U.S. at 386 n. 9; Connick, 461 U.S. at 148 n. 7; Johnsen v. Independent School Dist., 891 F.2d 1485, 1489 n. 3 (10th Cir.1989); Koch, 847 F.2d at 1440 n. 11. We affirm the district court's conclusion that, as a matter of law, defendants' interest in efficiently operating the department outweighed Davis' interest in speaking as he did.
 
 
 14
 We reach this conclusion after " ' "an independent examination of the whole record" in order to make sure that the "judgment does not constitute a forbidden intrusion on the field of free expression." ' " Melton, 879 F.2d at 713 (quoting Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 499 (1984) (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 284-86 (1964))). In this case, although judgment was entered for defendants at the summary judgment stage, the district court and we have the benefit of extensive deposition testimony from all the key witnesses. Indeed, in its order denying plaintiff's motion for reconsideration, the district court quoted extensively from the deposition testimony. Our own careful review of the record on appeal supports the district court's conclusion that "[Davis] created a hostile environment by circumventing the chain of command and by forcing those with whom he worked to choose sides in what had become his own personal mission." District Court Order at 8. Cf. Johnsen v. Independent School Dist., 891 F.2d 1485, 1494 (10th Cir.1989) ("in examining the manner of the speech, the court should consider whether the employee used internal complaint procedures."); Conaway v. Smith, 853 F.2d 789, 798 (10th Cir.1988) (plaintiff used "less disruptive internal channels, rather than going outside the city administration. The relatively low key context in which [plaintiff] voiced his complaint further persuades us that the Pickering balance tilts in his favor.").
 
 
 15
 In particular, we disagree with Davis' assertions that the district court misconstrued factual testimony regarding his activity, that it failed to consider that defendants had to prove actual disruption, that it failed to consider that the communications in question were made in private, that it failed to consider that Davis was unfairly singled out by the defendants for punishment, and that it failed to consider whether the alleged disruption was caused by Davis or by turmoil surrounding the issues about which Davis spoke.
 
 
 16
 Our review of the record convinces us that the district court did not misconstrue factual testimony concerning Davis' action. With respect to the degree of disruption defendants must show, while the majority and dissenting opinions in Melton, 879 F.2d 706 (10th Cir.1989), indicate that there is disagreement on the precise quantum of proof necessary, in this case, unlike in Melton, there was evidence of disruption. There was considerably more than the "unsubstantiated allegations of disruption" found insufficient in Melton. Id. at 716 n. 11.
 
 
 17
 On the privacy point, we disagree with Davis' characterization of his speech as "private." While Davis may have been off-duty when he engaged in much of his challenged speech, much of it occurred at the workplace and caused evident disruption there. Cf. Connick, 461 U.S. at 153 ("[T]he fact that [the employee] ... exercised her rights to speech at the office supports [the employer's] fear that the functioning of his office was endangered.") (emphasis added); Koch, 847 F.2d at 1450. Further, as defendants point out, certain of Davis' communications, such as his open letter to the citizens of Elk City and his television interview, were by no means "private." Even if some could properly be characterized as "private," that fact is not dispositive of their protected status, as Davis seems to suggest. See Givhan v. Western Line Consol. School Dist., 439 U.S. 410, 415 n. 4 (1979); Koch, 847 F.2d at 1449 n. 20.
 
 
 18
 Defendants assert that Davis' argument about being "singled out" for punishment while other police officers involved in the debate were not, is misplaced. We agree. That allegation is not relevant to his freedom of speech claim. To the extent he argues it demonstrates that he was punished for his association with the concerned citizens group, we treat that as part of his freedom of association claim.
 
 
 19
 Finally, we disagree with Davis' effort to analogize his situation to that of the plaintiff police officer in Wulf v. City of Wichita, 883 F.2d 842 (10th Cir.1989), suggesting that any disruption was caused by the turmoil surrounding the topics on which Davis was speaking, rather than by Davis' communication of his concerns about those topics. Our review of the record convinces us that this case is factually distinct from Wulf, such that a different result is warranted. In sum, summary judgment for defendants was properly granted on Davis' freedom of speech claim. See Breuer v. Hart, 909 F.2d 1035 (7th Cir.1990).
 
 
 20
 Davis asserts as separate issues the violation of his right to freedom of association and the Department's maintenance of "an unconstitutional rule which amounted to nothing more than a loyalty oath." Appellant's Brief at 2. There was insufficient evidence in the record that it was Davis' association with any group, or his failure to sign Chief Smith's July 18 memo, which caused his termination. Rather, the record amply supports the district court's conclusion that Davis was fired for the disruption he caused within the Department by the manner in which he expressed his concerns. Thus, summary judgment was appropriate on those claims as well.
 
 CONCLUSION
 
 21
 For the foregoing reasons, we AFFIRM the district court's order denying plaintiff's motion for a new trial and granting summary judgment for defendants.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Davis' motion was for partial summary judgment